Filed 7/24/14  In re J.B. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | B253792 (Los Angeles County Super. Ct. No. CK99970) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.B.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Timothy R. Saito, Judge.  Affirmed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison and Peter Ferrera, Deputy County Counsel for Plaintiff and Respondent.

## Introduction and Statement of Appealability

This appeal is brought by Juan B. ("father") from the order of the juvenile court made on December 10, 2013. The juvenile court proceeding involved two children with the same mother but with different fathers. This appeal by father only concerns the jurisdictional order made by the juvenile court in regard to the child J. B., wherein he was declared a dependent of the court pursuant to section 300, subdivision (b), of the Welfare & Institutions Code.[1] The mother Cristina V. ("mother") did not appeal the jurisdictional order.

A cross-appeal was filed by the Department of Children and Family Services ("DCFS") challenging the juvenile court's failure to take jurisdiction over J. B. pursuant to section 300, subdivision (a).

This appeal is authorized by section 395, subdivision (a)(1), of the code.

## Procedural Background

In 2007, a family law court awarded Juan B. the sole physical custody of J. B. Mother was granted visitation with J. B. every other weekend. In February of 2012, the family law court modified its visitation order to a joint physical custody order whereby mother and father received physical custody of J. B. on alternating weeks.

On June 12, 2013, DCFS filed a "non-detained" section 300 petition on behalf of J. B. and his half-brother E.M. The petition alleged that mother physically abused the children by striking them with her fists. It also alleged that father struck J. B. with his belt, medically neglected him by failing to authorize psychotropic medication, and had a history of alcohol abuse.

The jurisdictional hearing took place over a two day period in July of 2013. Mother pleaded no contest and waived her trial rights. Father contested the jurisdictional allegation filed against him. After receiving all of the evidence, the juvenile court

---

[1]     All code references in this opinion refer to the Welfare & Institutions Code unless otherwise specified.

2

dismissed count a-3 (alleging physical abuse against father), count 4 (alleging medical neglect against father) and count b-5 (alleging alcohol abuse against father). The court sustained count b-3 against father, finding that he inappropriately disciplined J. B. by striking him with a belt.

At the dispositional hearing held on December 10, 2013, the juvenile court ordered J. B. to be returned to the physical custody of both parents in accordance with the terms of the family court order set forth above. The court also ordered the parents to participate in counseling and ordered father to submit to random alcohol testing.

On January 7, 2014, father filed a Notice of Appeal from the court's jurisdictional order.

On January 17, 2014, DCFS filed notice of its cross-appeal.

Summary of the Facts

Seven-year-old J. B. testified that when he lived in father's house, father usually treated him nicely, but was sometimes mean. Father disciplined J. B. by making him stand in the corner and sometimes hit him on his bottom with a belt. He said he was four when father hit him with a belt. Father never hurt him when he disciplined him. J. B. denied father ever grabbed him by the arm so that it hurt. He stated that any marks or bruises he received while with father came from playing at the park.

The case social worker assigned to the case testified that when she interviewed J. B. he told her that father had hit him with his hands and with a belt when he was younger.

Father testified that he disciplined J. B. by first talking to him, then "[h]e'd probably get three to four hits on the butt," and if he continued his misbehavior, he was made to stand against the wall, or do standards. He denied he hit the child with a belt, and claimed he had not even owned a leather belt until the last two years. He said that J. B. received spankings after spitting on his sister, and kicking her in the mouth. He said he had sought counseling for the child when he was in kindergarten, after he threw a tantrum and slammed a teacher's hand in a door.

3

Father's Contentions on Appeal

Father contends that substantial evidence was not presented to the juvenile court for it to have asserted jurisdiction over J. B. pursuant to section 300, subdivision (b). This court, however, need not address the merits of father's claim, for mother did not contest the charges and did not appeal the finding of the juvenile court.

It is not necessary for both parents to be offending parties for the juvenile court to assert jurisdiction over a child. (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.) "[I]t is necessary only for the court to find that one parent's conduct has created circumstances triggering section 300 for the court to assert jurisdiction over the child. [Citations.] Once the child is found to be endangered in the manner described by one of the subdivisions of section 300, the child comes within the court's jurisdiction. . . . As a result, it is commonly said that a jurisdictional finding against one parent is '"good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent."' [Citations.] For this reason, an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence. [Citation]." (*In re I. A.* (2011) 201 Cal.App.4th 1484, 1491-1492.) As previously indicated, mother entered a no contest plea to the allegations that she physically abused J. B., which allegations constituted one of the grounds for the juvenile court's jurisdictional findings under section 300, subdivision (b), and she did not appeal the findings of the juvenile court. It is therefore not necessary for us to address the remaining allegations of the petition and the findings of the juvenile court. (See *In re Shelley J.* (1998) 68 Cal.App.4th 322, 330; *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 72.)

Father contends, however, that we should address father's challenge to the jurisdictional finding against him based on the decision in *In re Drake M.* (2012) 211 Cal.App.4th 754, 763, due to "possible" future prejudice against father in this case and in another dependency case. In the present case, where the dispositional order was not challenged, we decline to do so.

4

Cross-Appeal

The DCFS contends in its cross-appeal that the juvenile court erred when it struck count a-3 of the Petition, the alleged violation by father of section 300, subdivision (a). The juvenile court, however, asserted jurisdiction over the minor pursuant to section 300, subdivision (b) of the code based upon the plea of no contest by the mother to the charges against her and the court's finding that the father violated section 300, subdivision (b) of the code as alleged in count a-3. Whether this court were to affirm or reverse the juvenile court's finding as to count a-3 of the petition, it would not affect the juvenile court's jurisdiction over J. B., and neither party has appealed from the juvenile court's disposition orders. Therefore, this court declines to rule on the one issue raised in the cross-appeal, that is, the court's ruling striking count 3-a from the petition. (See *In re I.A., supra,* 201 Cal.App.4th 1484, 1492; *In re Alexis E., supra,* 171 Cal.App.4th 438, 451.)

Disposition

The juvenile court's jurisdictional findings are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]


We concur:


TURNER, P.J.                                        KRIEGLER, J.

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6